Jerry L Banks Sr #99023-198
U.S. Penitentiary Tucson
P.O. Box 24550
Tucson    AZ    85734

**U.S. COURTS**

**APR 0 5 2010**

Rcvd____Filed____Time____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| United States, | ) | Case No CR-06-051-S-WBS |
|     Plaintiff | ) | |
| -vs- | ) | PETITION FOR POST |
| | ) | CONVICTION RELIEF |
| Jerry L Banks Sr. | ) | |
|     Defendant | ) | |
| _____ | ) | |

    Comes now the Petitioner in the above entitled matter and does enter the following Petition For Post Conviction Relief pursuant to 42 USC 2255

1.    Judgment of conviction was entered by the United States District Court for the District of Idaho on the 16th day of April, 2006 as follows;

    Six counts related to possession, production, receipt and transportation of sexually explicit images of minors, and a forfeiture count.

    Life sentence for count III, Twenty years on counts I and II, to be served concurrently with each other and forty

PETITION                  Pg.1

years on counts IV, VI, and VIII to be served concurrently with each other but consecutive to the sentences on Counts I and II. Count IX being the forfeiture of property count.

2.) Wherein Petitioner entered a plea of not guilty.

3.) Trial was held before the trial judge only. This was NOT a jury trial.

4.) Petitioner did not testify at the pretrial hearing, did not testify at trial, did not testify at post trial hearing.

5.) Petitioner appealed to the Ninth Circuit Court of Appeals, Case No 07-30130, relief denied on the     day of         , 2009.

The grounds raised as follows;

A.) Whether the district court erred in finding that the FBI agent provided an adequate foundation for three sections of the affidavit for search warrant and that the warrant was sufficiently particular and not overbroad.

B.) Whether the district court erred in finding that the Defendent could not invoke the marital communications privilege to prevent his wife from testifying that he had made a statement to her indicating that he had produced a video of himself and their two-year-old grandson whom he was caring for in the family home.

C.) Whether the district court erred in defining the terms of masterbation or lascivious eshibition of the genitals, and whether the district court erroneously found that a video

6.     Petition for hearing en banc was denied on the      day of            , 2009 and petition for Writ of Certoirari was not filed.

7.     No other motions. petitions, nor applications concerning this judgement of conviction have been filed in any other court.

8.     The grounds on which this Petition is made and based are as follows;

                  I. Ineffectiveness of Counsel

Counsel failed to motion the court for relief under Rule 29 of the Federal Rules of Criminal Procedure.

                  Argument

There was insufficient information produced at trial on which the Judge might render a decision, in re; Count III The Production of Child Pornography. Kathryn Banks testified that the Petitioner admitted to her that he (the Petitioner) had produced a computer generated movie clip of a "diaper change". Kathryn Banks could not testify that Test.wmv was, in fact, the movie clip that the Petitioner was alleged to have confessed to have made because the Petitioner, according to the testimony, never showed Kathryn Banks any movie clip of any diaper change. In fact, the only movie clip of a diaper change that Kathryn Banks ever saw was shown to her by the FBI and Prosecutor who told her it was the clip made and confessed to by the Petitioner.

Therefore, there is insufficient information on which the judge might rely on in rendering a judgement.

PETITION                                            Pg. 3

II. Ineffectiveness of Counsel

Counsel failed to motion the court for relief under Rule 29 of the Federal Rules of Criminal Procedure.

Argument

There was insufficient information produced at trial on which the judge might render a decision.

In her testimony, Linda Martin testified that Petitioner sent to her, via the internet, a photograph of child pornograph. There was no evidence to collaborate her testimony and, therefore, her testimony is invalid. The trial Judge rendered his decision based on coincidence because the photo Linda Martin claimed the Petitioner sent to her was also on one of the computers confiscated from the office of Bankscom Electronics, Incorporated. It has recently come to light that the specific photo is readily available from many different web sites offering Hentai cartoons.

III. Ineffectiveness of Counsel

Counsel failed to motion the court for relief under Rule 29 of the Federal Rules of Criminal Procedure.

Argument

There was insufficient information produced at trial on which the judge might render a decision.

There was no information produced at trial which conected the Petitioner to the illegal acts perpetrated by the individual in Canada. The witnesses, Jerry Banks Jr and Robert Banks, testified that they saw one piece of child pornography on the coumputers owned by Bankscom Electronics Incorporated,

however, neither of these witnesses were able to describe what they claimed was pornography nor were they able to accertain that what they saw was, in fact, child pornography. Since neither witness was able to describe what it was they saw, there is no way for an experienced individual to determine that what they saw would meet the definition of child pornography.

IV. Ineffectiveness of Counsel

Counsel failed to motion the court for relief under Rule 29 of the Federal Rules of Criminal Procedure.

Argument

There was insufficient information produced at trial on which the judge might render a decision in regards to Possession of Child Pornography.

There was insufficient evidence to connect the Petitioner to the pornography found on the computers confiscated from the office of Bankscom Electronics Incorporated. The testimony of the government's witnesses, accumulated, showed only that the Petitioner "could have" collected the pornography found on the computers belonging to Bankcom Electronics Incorporated. Said testimony did not factually connect Petitioner to the possession of said pornography. In fact, there are several other individuals who had unrestricted access to the ocmputers confiscated from Bankscom Electronics Incorporated.

### V. Ineffectiveness of Counsel

#### Argument

Counsel failed to bring to the court's attention that the computers confiscated were not the personal property of the Petitioner, but did, in fact, belong to Bankscom Electronics Incorported, a Corporation registered in the State of Idaho and having an office located at 2133 Vista Ave in Boise Idaho.

### VI. Ineffectiveness of Counsel

#### Argument

Counsel failed to cross examine the govenment's wittnesses. The counsel for the defense did not cross examine any of the 6 witnesses produced by the govenrment nor did he make any attempt to impeach the testimony of those witnesses. Counsel for the defense made no effort to question witnesses nor to produce any testimony or facts favorable to the defendant and which may have exonerated the defendant of the charges brought against him.

### VII. Ineffectiveness of Counsel on Appeal.

Counsel for the defense failed to attack the sentence handed down by the district court. The sentence of "Life plus 60 years" is an inordinately long sentence under the circumstances and such an excessive length as to amount to cruel and unusual punishment.

## OTHER PLEADINGS

9.     Issues I,II,III,IV,V,VI,VII were not raised due to ineffectiveness of counsel at trial and ineffectiveness at appeal.

10.    The grounds contained herein have not been brought in any State or Federal court. Petitioner has no other actions pending at this time.

11.    Petitioner was represented by Dennis Charney and associates located at 1191 E. Iron Eagle Dr. in Eagle, Idaho 83616, at:

    a.) Preliminary Hearing

    b.) Arraignment and Plea

    c.) At trial

    d.) At sentencing

    e.) On appeal

Petitioner is proceeding pro se, at this time, in the following:

    f.) Post Conviction Petition

## TIMELINESS OF PETITION

This Petition is filed within one (1) year from the date of the final findings of the 9th Circuit Court of Appeals.

## RELIEF

Wherefore, Petitioner prays that this honorable court reverse the convictions on all seven counts of the Indictment and/or grant the Petitioner a retrial on all seven counts of the Indictment.

Respectfully submitted this 30 day of March 2010

_____
Jerry L. Banks Sr, Petitioner Pro Se


CERTIFICATE OF MAILING

I, Jerry L. Banks Sr., do hereby certify that a true and correct copy of the foregoing Petition For Post Conviction Relief, Motion For Appointment of Counsel, and Motion to Proceed In Forma Pauperis has been mailed via the United States Postal Service, first class postage affixed to;

James M Peters

Assistant United States Attorney

800 Park Boulevard, Suite 600

Boise      Id     83712-1211


Dated this 30 day of March, 2010.

_____
Jerry L Banks Sr